1  **WO**

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Transamerica Annuity Service Corporation; Transamerica Occidental Life Insurance Company,

        Plaintiffs,

vs.

Lester Williams Underhill, Sr.; Lester Williams Underhill, Jr.; Merlyn Parker; Angie Underhill; Sara Rourke,

        Defendants.

No. CV 08-8016-PCT-JAT

**ORDER**

Plaintiffs Transamerica Annuity Services and Transamerica Occidental Life Insurance filed this interpleader action on January 31, 2008 (Doc. #1). On April 10, 2008, Plaintiffs filed a Certificate of Service (Doc. #9) stating that Defendant Lester Williams Underhill Jr. was personally served with the Complaint and Summons on March 19, 2008. Mr. Underhill has not answered the Complaint. Plaintiffs filed for an Application for Entry of Default on June 19, 2008 (Doc. #12). The Clerk of the Court entered default against Mr. Underhill Jr. on June 20, 2008 (Doc. #15).

On July 25, 2008, Mr. Underhill Jr. sent a letter to this Court in which he requested the Court reconsider the entry of default against him (Doc. #22). He stated that he had received paperwork on March 19, 2008, but not a summons. He claimed that he was waiting to receive information regarding a court date, so he did not respond.

1. The Court may set aside the entry of default if good cause is shown. Fed. R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers: 1) whether there was culpable conduct on the part of the defendant; 2) whether any meritorious defenses are available, and 3) whether there is any prejudice to the plaintiff. *See TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "...[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *Id*. This burden, however, is not "extraordinarily heavy." *Id*. at 700.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at 697. Intentional conduct, in this context, must rise to the level of conduct which is willful, deliberate, or done in bad faith. *Id.* at 697-98. No evidence exists that Mr. Underhill Jr. acted in bad faith when he failed to file an answer. The first factor therefore weighs in favor of setting aside the entry of default.

To establish that a meritorious defense exists, Defendant must allege specific facts that would constitute a defense. *Id*. at 700. The Court need not conclude that the defendant will prevail on the alleged defense to determine that this factor weighs in favor of setting aside default. *See Apache Nitrogen Products, Inc. v. Harbor Insurance Co.*, 145 F.R.D. 674, 682 (D. Ariz. 1993). Instead, the Court need only find that after a trial on the merits, the alleged defense may cause a different result than default. *Id*. In his letter, Mr. Underhill Jr. has not indicated what claim, if any, he might have to the annuity payments at issue in this case. So, this factor does not weigh in his favor.

For the setting aside of a default to be prejudicial under the third factor, Plaintiffs' ability to pursue their claim must be hindered. *TCI*, 244 F.3d at 700. Plaintiffs have conceded that there "is not considerable prejudice to Plaintiffs, other than the cost of renewing this litigation concerning Mr. Underhill Jr. if the entry of default is set aside." (Doc. #23, p. 4). Plaintiffs must still proceed to determine the proper beneficiary of the annuity.

1    Mr. Underhill Jr.'s lack of culpability and the lack of prejudice to Plaintiffs both
2 weigh in favor of setting aside the entry of default.  Thus, based on those factors, and the
3 general preference for resolving cases on their merits, *see e.g. O'Connor v. Nevada*, 27 F.3d
4 357, 364 (9th Cir. 1994), the Court concludes that the entry of default against Mr. Underhill
5 Jr. should be set aside.
6    Accordingly,
7    IT IS ORDERED GRANTING Mr. Underhill Jr.'s Motion to Set Aside Entry of
8 Default (Doc. #22).
9    IT IS FURTHER ORDERED that Mr. Underhill Jr. shall answer the Complaint or
10 otherwise defend by September 26, 2008.  In his answer, Mr. Underhill Jr. shall state whether
11 he claims an interest in the interpleader funds at issue in this case.
12    DATED this 10th day of September, 2008.

James A. Teilborg
United States District Judge